UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER STAUFFER,

    Plaintiff,

vs.

INDIAN HARBOR
INSURANCE COMPANY,

    Defendant.
_____/

Case No.:
State Case No.: 22-CA-003866

## NOTICE OF REMOVAL

Defendant, INDIAN HARBOR INSURANCE COMPANY ("INDIAN HARBOR"), through the undersigned counsel and pursuant to 28 U.S.C. § 1441(a) and 1446, gives notice of removal of this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the Middle District of Florida, Tampa Division, and states as follows:

1.    Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant removes this action from the Circuit Court, for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, now pending under the certain case styled *JENNIFER STAUFFER v. INDIAN HARBOR INSURANCE COMPANY*, Case No.: 22-CA-003866 ("State Action"), to the United States District Court for the Middle District of Florida.

### Venue

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 89(b) and 1441(a) because the United States District Court for the Middle District Of Florida is the

Federal Judicial District embracing the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, where the State Action was filed.

3. Additionally, venue is proper in this Court because it is where the Subject Property is located and where, upon information and belief, Plaintiff is domiciled, and where venue for purposes of the State Action is proper pursuant to Fla. Stat. § 47.011.

## Jurisdiction

4. Removal is proper under 28 U.S.C. § 1441 as this is a civil action brought in State Court over which the Federal District Courts would have original jurisdiction had the action been commenced in Federal Court.

5. Federal jurisdiction is based upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Timely Notice of Removal

6. JENNIFER STAUFFER sued INDIAN HARBOR in Hillsborough County Circuit Court, on or about May 10, 2022.

7. On May 16, 2022, the Florida Department of Financial Services served INDIAN HARBOR with a Summons and copy of the Complaint in the State Action by electronic delivery to Toni Ann Perkins, the designated agent for INDIAN HARBOR.[1]

8. INDIAN HARBOR did not know whether the case was removable

---

[1] *See* **Composite Exhibit 1**.

when it was served with the Complaint because the Complaint does not allege a specific sum of damages. The Complaint only states that the action is for damages greater than $30,000.00, exclusive of court costs, prejudgment interest and attorney's fees.[2]

9. On June 22, 2022, INDIAN HARBOR discovered that the case was removable based on the amount in controversy requirement of 28 U.S.C. § 1332(a), when Plaintiff provided INDIAN HARBOR with her demand.[3]

10. INDIAN HARBOR is permitted 30 days to remove from the receipt of the first post-suit paper that provides the basis for removal. *See* 28 U.S.C. § 1446(b)(3); *see also*, *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (discussing that a party must remove within 30 days of receiving the document that provides the basis for removal). Plaintiff's demand email/letter constitutes an "other paper." *See Burns v. Windsor Ins.* Co, 31 F.3d 1092, 1097 (11th Cir. 1994) (holding that settlement offers may be considered when a court is attempting to determine the true amount in controversy); *Lambertson v. Go Fit,* LLC, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (quoting *Wilson v. Target Corp.,* Case No. 10-CV-80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010); *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434 at *4 (M.D. Fla., Nov. 18, 2005); *Field v. National Life Ins. Co.*, 2001 WL 77101 at *9 (M.D. Fla., Jan. 22, 2001); *see also*, *Gleaton & Demaria Commercial Development, LLC v. Westchester Surplus Lines Insurance Company*, Case No. 3:18-CV-

---

[2] *See* Plaintiff's Complaint, attached as **Composite Exhibit 1**.
[3] Plaintiff's demand email/letter, attached as **Exhibit 4,** with damages exceeding $75,000.00.

1913-MCR-GRJ.  Post-suit demands are routinely considered "other papers."  *See*

*Musser v. Walmart Stores E., L.P.,* No. 1:16-CV-62231, 2017 WL 133477, at *3 (S.D. Fla. Apr. 12, 2017).

11.     A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless there is a finding that the Plaintiff acted in bad faith in order to prevent a defendant from removing the action.  *See* 28 U.S.C. § 1446(c)(1).

12.     This Notice of Removal is filed timely as it is filed within 30 days of INDIAN HARBOR's receipt of Plaintiff's demand (June 22, 2022), and within 1 year after commencement of the action (May 16, 2022).

13.     Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[4]

## Complete Diversity Exists

14.     According to Plaintiff's Complaint in the State Action, Plaintiff owns a property located at 2632 S. Dundee Street, Tampa, Hillsborough County, Florida ("Subject Property"), which is insured by Policy No. HS204198103 that was issued by INDIAN HARBOR.  *See* the subject policy that is attached to the Complaint as Exhibit A.[5]

15.     Further, the facts establish that Plaintiff, JENNIFER STAUFFER, is

---

[4] *See* **Composite Exhibit 1**.
[5] *See* **Composite Exhibit 1.**

4

and was a citizen of the State of Florida who is domiciled at the Subject Property at all relevant times.[6]

16. Facts establishing the Florida citizenship of Plaintiff, JENNIFER STAUFFER (with a date of birth of May 18, 19XX), are as follows:[7]

   a. The Hillsborough County Property Appraiser's website reflects that JENNIFER STAUFFER is the owner of the Subject Property, 2632 S. Dundee Street, Tampa, Florida 33629, 2632 S. Dundee Street, Tampa, Florida 33629.

   b. The most recently recorded deed for the Subject Property lists JENNIFER STAUFFER as one of the owner of the Subject Property, 2632 S. Dundee Street, Tampa, Florida 33629.

   c. JENNIFER STAUFFER has at least one registered motor vehicle in the State of Florida, with the title that lists her address as 2632 S. Dundee Street, Tampa, Florida 33629.

   d. JENNIFER STAUFFER has an active Florida Voter's Registration that lists her address as 2632 S. Dundee Street, Tampa, Florida 33629.

17. INDIAN HARBOR is incorporated in the State of Delaware with its principal place of business in the State of Connecticut, and, thus, is a citizen of those states. INDIAN HARBOR is not a citizen of or incorporated in the State of Florida

---

[6] *See* **Composite Exhibit 2,** Hillsborough County Property Appraisal Summary and Special Warranty Deed.
[7] *See* **Composite Exhibit 2,** Hillsborough County Property Appraisal Summary and Special Warranty Deed.

and does not have its principal place of business in the State of Florida. At all times material to this action, INDIAN HARBOR has been a foreign corporation conducting business in Florida.[8]

18. Accordingly, complete diversity exists between Plaintiff and Defendant in accordance with 28 U.S.C. § 1332.

### Amount In Controversy Exceeds $75,000.00

19. Plaintiff's Complaint asserts a cause of action for breach of contract, alleging that INDIAN HARBOR has failed or refused to pay Plaintiff's claim that occurred on or about November 11, 2020.[9] Plaintiff asserts that it has suffered damages as a result of the loss, along with attorney fees.[10]

20. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff claims its damages are $193,030.67.[11] Of this amount, the Plaintiff's contract damages are alleged to total $65,547.32 and Plaintiff's attorney's fees incurred at the time of removal are alleged to total $22,990.00. This totals $88,537.32.

21. Indian Harbor bears the burden of establishing that the amount in controversy exceeds $75,000.00. For the purposes of diversity, courts evaluate the amount of controversy at the time of removal. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). Plaintiff seeks damages for breach of contract

---

[8] *See* **Exhibit 3**, Florida Office of Insurance Regulation Summary.
[9] *See* Plaintiff's Complaint, attached as **Composite Exhibit 1.**
[10] *See* Plaintiff's Complaint, attached as **Composite Exhibit 1.**
[11] *See* Plaintiff's demand email/letter, attached as **Exhibit 4,** with damages in the amount of $193,030.67.

and attorney's fees and costs pursuant to Fla. Stat. § 626.9373. *See* Composite Exhibit 1, p. 4, ¶23-24. "When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013); *see also, Bowers v. Scottsdale Ins. Co.*, 20-24722-CIV, 2021 WL 118092, at *2 (S.D. Fla. Jan. 13, 2021); *Echevarria v. Taco Bell of Am., LLC*, 20-CV-22810, 2020 WL 5228129, at *3 (S.D. Fla. Sept. 2, 2020); *Reyes v. Am. Sec. Ins. Co.*, 16-23978-CIV, 2017 WL 2296907, at *2 (S.D. Fla. May 26, 2017).

22. The demand contains specific and corroborating evidence. For contractual damages, Plaintiff alleges damages based on a sum certain. Plaintiff alleges damages totaling $65,547.32 based on the following:

    a. Roof Replacement – Westfall Roofing Contract (**Exhibit A**) - $57,900.00;

    b. Roof Tarps (mitigation) – Westfall Roofing Invoice (**Exhibit B**) - $1,300.00;

    c. Change Order for Additional Roof Repairs not included in original Contract Estimate – Westfall Roofing (**Exhibit C**) - $3,670.00;

    d. Change Order for Additional lumber costs not included in original Contract Estimate – Westfall Roofing (**Exhibit C**) -

$1,396.50;

e.  Insured Payment to Prescott Engineering for Report (**Exhibit D**) - $1,280.82.[12]

23.  Plaintiff further alleges that it has already "incurred attorney's fees to date of $22,990." (emphasis in original), a sum certain, at the time of removal. Plaintiff then alleges "[t]he fees claimed do not include a multiplier at this time, but a multiplier will be requested should a fee hearing be necessary."[13] Lastly, Plaintiff alleges, "[a]s with prejudgment interest, fees and costs will continue to accrue if settlement is not reached, and future demands for fees and costs will increase."[14] *See Unwin v. Hartford Ins. Co. of the Midwest*, 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *2 (M.D. Fla. Apr. 9, 2021)("The Court will follow the approach adopted by many other courts in this District and include those feels likely accrued at the time of removal . . .").

24.  Together, Plaintiff's alleged contractual damages and alleged incurred attorney's fees (excluding a multiplier and future attorney's fees) totals $88,537.32. *See also*, *Soares v. Scottsdale Ins. Co.*, 19-CV-22421, 2019 WL 3773649, at *3 (S.D. Fla. Aug. 12, 2019); *Constant v. Geovera Specialty In. Co.*, 18-62999-CIV, 2019 WL 7933735, at *2 (S.D. Fla. Mar. 1, 2019); *Moshiach Community Ctr. 770, Inc. v. Scottsdale Ins. Co.*, 17-62352-CIV, 2018 WL 6308671, at *2 (S.D. Fla. Jan. 23, 2018). The amount in controversy therefore exceeds $75,000.00.

---

[12] *See* **Exhibit 4**, p. 2 – Contract Damages.
[13] *See* **Exhibit 4**, p. 3 – Attorney's Fees and Costs.
[14] *Id.*

8

## Compliance With 28 U.S.C. § 1446

25. Pursuant to the provisions of 28 U.S.C. and Rule 1.06 of the Local Rules for the United States District Court for the Middle District of Florida, INDIAN HARBOR files copies of all process, pleadings, orders, and other papers or exhibits of every kind,[15] including depositions, on file in the state court,[16] as of the date of this filing, specifically including:

    a. Civil Cover Sheet;

    b. Summons;

    c. Complaint;

    d. Differentiated Case Management Order and Notice of Case Management Hearing;

    e. Affidavit and Notice of Service of Process;

    f. Plaintiff's First Request For Production;

    g. Plaintiff's First Request For Admissions;

    h. Plaintiff's Notice and First Set of Interrogatories;

    i. Service of Process and Notice of Service of Summons,

    j. Defendant's Answer to Complaint, Affirmative Defenses and Demand for Jury Trial;

---

[15] *See* **Composite Exhibit 1**.
[16] *See* **Exhibit 5** (Hillsborough County State Court Docket).

k. Plaintiff's Motion To Strike and_or Motion for Partial Summary Judgment Regarding Defendant's Affirmative Defenses Nos. 1, 4, 5, 6, 7, 8 and Memorandum of Law;

l. Defendant's Notice Of Serving and First Set Of Interrogatories to Plaintiff; and

m. Defendant's Request For Production to Plaintiff.

26. Pursuant to 28 U.S.C. § 1446(d), INDIAN HARBOR has filed this Notice of Removal with this Court and is serving a copy of this Notice of Removal upon counsel for all parties. A true copy of this Notice of Removal is also being filed by INDIAN HARBOR with the state court where this action was pending and written notice will be given to all adverse parties "promptly after" the filing in this Court of this Notice of Removal, in compliance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, INDIAN HARBOR INSURANCE COMPANY, requests that respectfully requests that this Court (1) remove this action from the Circuit Court; (2) exercise jurisdiction over this matter as provided by law; and (3) place the action on the docket of this Court for further proceedings, the same as if this action had originally been executed in this Court.

Respectfully submitted this 21st day of July, 2022.

                Respectfully submitted,

                BUTLER WEIHMULLER KATZ CRAIG LLP

                */s/*Justin W. Sblano
                CHRISTOPHER M. RAMEY, ESQ.

Florida Bar No.: 0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.: 1008138
jsblano@butler.legal
Secondary   hkerr@butler.legal
             clugo@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for INDIAN HARBOR INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on July 21, 2022, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system. A copy of the foregoing was forwarded to the following this same date:

Matthew R. Danahy, Esq.
Danahy & Dunnavant, P.A.
901 W. Swann Avenue
Tampa, Florida 33606
matt@danddlaw.com
courtney@danddlaw.com
service@danddlaw.com
Attorneys for Plaintiff, JENNIFER STAUFFER

/s/Justin W. Sblano
JUSTIN W. SBLANO, ESQ.